FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 19  P 2: 55

_J. LaVictoire_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DONNA N. ANDERSON,            )
                              )
            Plaintiff,        )
                              )
      v.                      )     CIVIL ACTION NO.: CV206-022
                              )
JO ANNE B. BARNHART,          )
Commissioner of Social Security, )
                              )
            Defendant.        )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr. ("ALJ" or "ALJ Gold") denying her claim for Disability Insurance Benefits and Supplemental Security Income payments. Plaintiff asserts that the ALJ's decision is not supported by substantial evidence and constitutes legal error. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on November 25, 2002, alleging that she became disabled on January 30, 2002,[1] due to a right wrist injury, headaches, and depression. After her claim was denied

---

[1] Plaintiff alleged in her November 25, 2002 application that her disability began September 19, 2000. However, she previously filed an application on August 17, 2001 also alleging disability since September 19, 2000. That application was denied on January 29, 2002. The ALJ, therefore, construed Plaintiff's November 25, 2002 application as an implicit request that the prior application be reopened, and denied that request absent a finding of good cause or any other basis to reopen. Thus, the ALJ's decision in the present case pertains only to the time period subsequent to the date of decision on the prior application, January 29, 2002. Accordingly, the earliest Plaintiff can be found to be disabled is January 30, 2002.

AO 72A
(Rev. 8/82)

initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On June 10, 2005, ALJ Gold held a hearing at which Plaintiff testified and was represented by counsel. (Tr. at 29). Don Harrison, a vocational expert, also appeared and testified at the hearing. (Id.). ALJ Gold found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Tr. at 30). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 6).

Plaintiff, born on April 29, 1955, was fifty (50) years old when ALJ Gold issued his decision. She has a high school education. (Tr. at 30). Her past relevant work experience includes employment as a convenience store clerk, stock handler, vehicle scanner, and packer. (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal

2

Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that after the alleged onset date of January 30, 2002, Plaintiff did not engage in any substantial gainful activity. (Tr. at 31). At step two, the ALJ found that Plaintiff has a right wrist fracture, status-post pinning, an impairment that is "severe" within the Act. (Tr. at 32). However, the ALJ concluded that Plaintiff's medically determinable impairment did not meet or medically equal a listed impairment. (Id.). At the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform work activities that require lifting no more than 40 pounds, carrying no more than 25 pounds, and climbing ladders/ropes/scaffolding and crawling for no more than 2 ½ hours per 8-hour workday. (Tr. at 33). The ALJ also found that Plaintiff retains the residual functional capacity to perform gross and fine fingered manipulations with her dominant right hand for no more

3

than 5 ½ hours during an 8-hour workday. (Id.). Finally, ALJ Gold concluded at the fourth step of the sequential evaluation process that Plaintiff retained the capacity to perform her past relevant work as a vehicle scanner and as a convenience store clerk. (Tr. at 34-35). Accordingly, ALJ Gold determined that Plaintiff was not disabled within the meaning of the Act. (Tr. at 35).

## ISSUES PRESENTED

Plaintiff contends that the ALJ improperly discounted the opinion of a treating physician and failed to consider evidence of Plaintiff's IQ. (Doc. No. 16, p. 5). Plaintiff further contends that the ALJ failed to determine whether Plaintiff's mental impairment was medically equivalent to listing 12.05. (Id. at 7). Plaintiff alleges that the ALJ improperly denied benefits based on failure to follow prescribed treatment. (Id. at 9). Finally, Plaintiff asserts that the ALJ improperly failed to credit Plaintiff's subjective complaints and testimony. (Id. at 11).

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

AO 72A
(Rev. 8/82)

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I.   **Medical Source Opinions**

Plaintiff asserts that the ALJ improperly discounted the opinion of Dr. Nagelberg, a treating physician. (Doc. No. 16, p. 5). A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

5

AO 72A
(Rev. 8/82)

In concluding that Plaintiff is not disabled, the ALJ reviewed the medical evidence of record. Here, good cause did exist to justify the ALJ's decision not to rely on Dr. Nagelberg's findings. The ALJ specifically rejected Dr. Nagelberg's opinion and explained that his conclusion that Plaintiff is disabled contradicted the narrative portion of his clinical report on Plaintiff. (Tr. at 32, 465-474). Furthermore, Dr. Nagelberg's "medical opinion" that Plaintiff was disabled due to possibly meeting Listings 12.02, 12.04, or 12.07 is not in a true sense a "medical opinion" in accordance with 20 C.F.R. § 404.1527(e)(1) and 20 C.F.R. § 404.1527(e)(2), as these are determinations to be made by the Commissioner, not by medical sources. The ALJ is to use the medical sources' opinions in making the determination as to disability, and in this case, the ALJ properly rejected this particular medical source in making that determination.

Plaintiff also asserts that the ALJ improperly disregarded the opinion of Dr. Muller, a consultative psychologist who provided IQ scores. (Doc. No. 16, p. 6). The Eleventh Circuit has made clear that the opinions of consultative examiners are not entitled to controlling weight because, unlike treating physicians, they are "one-time examiners." McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004). Regarding Dr. Muller's findings, the ALJ explicitly discounted the IQ scores, referring specifically to Dr. Muller's report. (Tr. at 32, 294). ALJ Gold found that the scores were "exceeded by her work activities performed in the past." (Tr. at 32). Because Dr. Muller was not a "treating source," his opinion is entitled to no special weight and the consideration given to his IQ findings was entirely appropriate.

## II. Listing 12.05

Plaintiff next contends that the ALJ did not properly consider whether Plaintiff met the listing requirements of § 12.05(C) and § 12.05(D) and further contends that Plaintiff does, in fact, meet the requirements of both listings. (Doc. No. 16, p. 8). Plaintiff correctly argues that ALJ Gold did not specifically address listings § 12.05(C) or § 12.05(D) and did not recognize the criteria for analyzing mental retardation under these sections. However, while the ALJ did not explicitly state that Plaintiff's impairments were not contained in the listings, such a determination was implicit in the ALJ's ultimate decision. It is well-settled that the Secretary is not required to "mechanically recite the evidence leading to her determination. There may be an implied finding that a claimant does not meet a listing." Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986) (quoting Edwards v. Heckler, 736 F.2d 625, 629 (11th Cir. 1984)).[2] Although he did not directly state it, the ALJ did find Plaintiff not entitled to relief under § 12.05 (C) or § 12.05(D). The Court must determine whether this finding is supported by substantial evidence.

Plaintiff contends that she clearly meets the listing requirements for both § 12.05(C) and § 12.05(D), first, because she has a Full Scale IQ of 70. However, as previously discussed, the ALJ specifically discounted the IQ score of 70, finding it

---

[2] Plaintiff cites Edwards v. Heckler, 736 F.2d 625 (11th Cir. 1984), in asserting that an ALJ's failure to analyze these listing criteria "entitles Plaintiff to a remand of her case for adequate consideration of this issue." However, the Court reads Edwards as stating an entirely contrary proposition. The Edwards Court, in a case factually similar to the case sub judice, found that the ALJ's failure to conduct an explicit § 12.05(C) analysis did not constitute harmful error where the ALJ determined that the plaintiff did not have a severe impairment under § 404.1520(C). Id. at 629. The Court reasoned that "the characteristics of a severe impairment . . . are almost identical to those characteristics of a disabling condition under section 12.05(C) . . . . Thus, we can conclude that when the Secretary found no significant limitation of basic work activities under section 404.1520(C), he determined that no physical or other mental impairment existed imposing additional and significant work-related limitation of function under section 12.05(C)." Id. Thus, in this case, it is clear that ALJ Gold's finding that Plaintiff did not meet the requirements of § 12.05(C) or § 12.05(D) is implicit in his reaching the fourth and fifth steps of the disability analysis and in his final decision.

inconsistent with the fact that Plaintiff performed work activities in the past exceeding that IQ level. (Tr. at 32). The ALJ also noted that Plaintiff had exhibited a high level of exaggeration on tests. (Id.). It is clear that even a valid IQ score is not conclusive of mental retardation where that score is inconsistent with other evidence of record regarding Plaintiff's daily activities. Outlaw v. Barnhart, 2006 WL 2640223, *1 (11th Cir. 2006) (citing Popp v. Heckler, 779 F.2d 1497, 1499 (11th Cir. 1986)). In this case, the ALJ specifically found the singular IQ score of 70 to be *invalid*. Indeed, other IQ tests in the record put Plaintiff well above the 60-70 range required by both listing sections. (Tr. at 468). Thus, Plaintiff failed to meet the first half of the criteria for listing under either § 12.05(C) or § 12.05(D), and the ALJ's determination to that effect is supported by substantial evidence.

### III. Non-Compliance With Prescribed Treatment

Plaintiff alleges that the ALJ failed to comply with Social Security Ruling (SSR) 82-59 in finding that Plaintiff was non-compliant with prescribed treatment. (Doc. No. 16, p. 9). Plaintiff refers to the ALJ's statement that Dr. Eric Bournigal, seen by Plaintiff on February 17, 2004, "noted that Dr. Kropp had offered the claimant a fusion of the wrist" and that the doctor "believed that with a fusion the claimant might be able to go back to heavier labor than she can do now." (Tr. at 32). Plaintiff's reliance on SSR 82-59 is misplaced. That ruling, which disallows a finding of disability where the claimant fails to follow prescribed treatment, applies to individuals who would *otherwise be found to be under a disability*. There is nothing in the ALJ's decision suggesting that he based his finding of no disability on any failure to follow prescribed treatment. In fact, the ALJ never indicates that Plaintiff failed to follow any prescribed treatment, but rather notes that during one consultation, Plaintiff was offered a fusion. It is clear that the ALJ's finding of no disability

8

was based on a determination that Plaintiff retains the residual functional capacity to perform the requirements of her past relevant work, not on any failure to follow prescribed treatment. (Tr. at 33-34).

## IV.  Plaintiff's Subjective Complaints

Plaintiff finally contends that the ALJ failed to give appropriate credit to Plaintiff's testimony and subjective complaints regarding her alleged impairments. (Doc. No. 16, p. 11). It is clear that an ALJ may reject a claimant's testimony as not credible, and that determination must be reviewed for substantial evidence. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citing Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984)). In making his determination, the ALJ must provide specific reasons for finding the claimant's subjective complaints not credible. Marbury, 957 F.2d at 839 (citing Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987)). Failure to articulate the reasons for discrediting a claimant's testimony means that the testimony must be accepted as true as a matter of law. Williams v. Barnhart, 140 Fed. Appx. 932, 935 (11th Cir. 2005) (citation omitted).

In reviewing Plaintiff's testimony, ALJ Gold specifically found her complaints "not totally credible." (Tr. at 33). The ALJ explained his reasons for this finding, noting that while Plaintiff testified that she cannot keep a home, wipe herself after using the bathroom, or use her right hand, these claims were inconsistent with her previous statements that she handled all of the household chores. (Id.). The ALJ also noted that Plaintiff previously stated that she "cleans the house, takes care of the pets, shops, and cooks." (Tr. at 33, 467). Furthermore, the ALJ found Plaintiff's testimony that she cannot lift or carry more than two pounds with her right hand to be inconsistent with the findings of a prior

9

evaluation during which Plaintiff had maximum lifting of 40 pounds and carrying of 25 pounds. (Tr. at 33, 459). Thus, it is clear that the ALJ found Plaintiff's testimony to be inconsistent with the objective medical evidence. Contrary to Plaintiff's contentions, the ALJ did not find that "objective and uncontradicted medical evidence supports the allegations of disabling pain" (Doc. No. 16, p. 12) and this Court determines that this finding is supported by substantial evidence.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 19th day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)