IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 22 A 1:17

CLERK
S. DIST. OF GA.

DONNA N. ANDERSON, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV206-022
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
Defendant. )

## ORDER

After an independent review of the record, this Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In her Objections, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to specifically conduct an analysis to determine whether Plaintiff met the listings of 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.05(C) and §12.05(D) [hereinafter "§12.05(C)" and "§12.05(D)"]. Plaintiff asserts that because she was found to have another severe impairment, a right wrist fracture, that she "as a matter of law [has] met the requirements of the second half of Listing 12.05(C) and is entitled to have the ALJ review her claims under Listing 12.05 . . . ." (Doc. No. 20, p. 2). Plaintiff contends that the Magistrate Judge substituted his own fact finding for that of the ALJ. Plaintiff contends that the ALJ should have explicitly considered whether she met the impairments listed in §12.05(C) or §12.05(D) and that his failure to do so constitutes harmful error.

This Court finds that while the ALJ did not explicitly state that Plaintiff's impairments

AO 72A
(Rev. 8/82)

were not contained in these particular listings, such a determination was implicit in the ALJ's decision. The Eleventh Circuit has been clear that "[w]hile Appendix 1 must be considered in making a disability determination, it is not required that the Secretary mechanically recite the evidence leading to [his] determination. There may be an implied finding that a claimant does not meet a listing." Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986). After an examination of the evidence, it is clear that such an appropriate consideration is implicit in the ALJ's determination.

Furthermore, substantial evidence supports the ALJ's implicit decision that Plaintiff did not establish that her impairment met or equaled Listing 12.05(C) or 12.05(D). The medical records do not reveal credible evidence that Plaintiff has a valid verbal, performance, or full scale IQ of 60 to 70 as required by these listings. As the Magistrate Judge noted, the ALJ specifically discounted the single IQ score of 70, finding it inconsistent with the evidence of record and with Plaintiff's daily activities and behavior. Plaintiff, in fact, exhibited IQ scores well above this range in other tests. Thus, Plaintiff failed to establish that she met the first prong of the §12.05 analysis. Accordingly, the ALJ's failure to find that Plaintiff met the listing was not erroneous, and this Court must agree with the conclusion of the Secretary that Plaintiff has failed to establish disability to recover benefits under the Act.

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is

AO 72A
(Rev. 8/82)

hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this _22_ day of _Nov._, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)